IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TERRY-LEE,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH VALLEY COUNTY WATER AND SEWER DISTRICT, et al.,<br><br>Defendants. | CV 15-43-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## I.  INTRODUCTION

On January 12, 2018, Defendants North Valley County Water and Sewer District, Leon M. Pearce, Jerry Ketchum, Robert Esaias, Cody James Tribby, Gary V. Callantine, and Alex Esteves ("Defendants") filed a Motion for Summary Judgment, arguing that the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), precludes the relief sought by Plaintiff Terry-Lee ("Mr. Terry-Lee").  (Doc. 85).  On January 24, 2018, Mr. Terry-Lee filed an "Objection to and Take Exception to Defendants[sic] Motion for Summary Judgment," which the Court construes as a response brief.  (Doc. 92).  Defendants filed their reply brief on February 7, 2018.  (Doc. 96).  The issue has been fully briefed and is ripe for adjudication.  Based on the foregoing, Defendants' Motion for Summary Judgment

1

should be granted.

## II. FACTS

On January 15, 2015, Mr. Terry-Lee was charged in Valley County Justice Court for theft of services, and was convicted on June 5, 2015. (Doc. 87 at ¶1).[1] Mr. Terry-Lee appealed his conviction to the 17th Judicial District for the State of Montana, Valley County, and was again convicted in Valley County District Court on January 31, 2017. (*Id*. ¶¶3,9). Subsequently, Mr. Terry-Lee appealed his case to the Montana Supreme Court. On January 16, 2018, the Montana Supreme Court upheld Mr. Terry-Lee's conviction. *State v. Terrance Lee Brauner, a/k/a Terry-Lee*, 2018 WL 417289, 2018 MT 12N. On January 29, 2018, Mr. Terry-Lee filed an objection and a petition for rehearing, which is still pending in the Montana Supreme Court. *See* Motion to Reconcider[sic] by Appellant, Jan. 29, 2018, DA 17-0278.

Meanwhile, on June 3, 2015, Mr. Terry-Lee also filed a Complaint in the United States District Court for the District of Montana, Great Falls Division. (Doc. 1). On September 23, 2015, Mr. Terry-Lee filed an Amended Complaint.

---

[1] Defendants filed their Statement of Undisputed Facts on January 12, 2018. (Doc. 87). In his response brief, Mr. Terry-Lee set forth his "Undisputed Facts" (Doc. 92 at 4). However, this statement of facts does not contradict or dispute Defendants's facts, and does not cite to the record or otherwise comply with Local Rule 56(b). Therefore, the undisputed facts set forth by Defendants are deemed admitted by Mr. Terry-Lee. *See* L. R. 56(d).

(Doc. 40).  In his Complaint, Mr. Terry-Lee alleges that the defendants violated his Fourth Amendment right to privacy, his Fourteenth Amendment right to "equal protection of the laws," and his right to due process under the Fourth, Fifth, and Fourteenth Amendments, as well as not being "informed of the Nature and Cause of the Accusations in violation of the Sixth Amendment."  (*Id.* at 4-9).  Mr. Terry-Lee requests this Court to "provide injunctive relief by putting a halt to everything that is happening in state court in this matter" and that the Court provide declaratory relief, in which the Court would affirmatively declare that Mr. Terry-Lee's constitutional rights were violated as set forth in his Amended Complaint. (*Id.* at 12).

### III.  LEGAL STANDARD

Under Fed. R. Civ. P. 56(a), the party moving for summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  After the moving party satisfies this burden, a court may enter summary judgment against a non-moving party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set

forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, "mere allegations and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

## III.  ANALYSIS

Challenges to ongoing criminal proceedings are barred by the doctrine set forth by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would

enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

All four of the *Younger* doctrine requirements exist in this action. First, Mr. Terry-Lee's underlying state criminal action is still pending before the Montana Supreme Court. *See* Motion to Reconcider[sic] by Appellant, Jan. 29, 2018, DA 17-0278. Second, as stated in *Younger*, criminal prosecution is an important state interest, and the federal court "should not act to restrain a criminal prosecution." *Younger*, 401 U.S. at 43. Third, Mr. Terry-Lee is not precluded from making his federal law claims in the state proceeding, as evidenced by the fact that he raised essentially the same issues in his Motion to Dismiss in the Valley County District Court criminal case. (*See* Doc. 45-3 at 3-7). Finally, an action by this Court to grant Mr. Terry-Lee's requested relief would necessarily "enjoin the [state] proceeding" because that is precisely the remedy Mr. Terry-Lee seeks. (Doc. 40 at 12 ("I am requesting that the court provide injunctive relief by putting a halt to everything that is happening in state court in this matter"). Therefore, the Court finds that the *Younger* doctrine requires the Court to abstain from adjudicating this matter.

Having met their burden to show there is no genuine issue of material fact and that they are entitled to summary judgment, the burden shifts to Mr. Terry-Lee to make a sufficient showing of a genuine issue of material fact or law. *See Celotex Corp.*, 477 U.S. at 322. Notably, while Mr. Terry-Lee rehashes much of his factual disputes with Defendants' Statement of Undisputed Facts, he does not contest, or even address the *Younger* doctrine so as to raise a genuine issue of material fact to preclude summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248 (citation omitted). Therefore, the Court finds that Mr. Terry-Lee has not met his burden to show that there is a genuine issue of material fact which precludes summary judgment.

## V. FINDING AND RECOMMENDATION

The Court finds that all four elements of the *Younger* doctrine appear in this case, and the Court must abstain from adjudicating Mr. Terry-Lee's action due to the ongoing state criminal action. Therefore, the Court recommends that Defendants' Motion for Summary Judgment be granted.

Accordingly, the Court **FINDS**:

> Mr. Terry-Lee's claim is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The Court **RECOMMENDS:**

Defendants' Motion for Summary Judgment (Doc. 85) should be **GRANTED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 14th day of February, 2018.

_____
John Johnston
United States Magistrate Judge